and we will first hear from Mr. Smith. May it please the court. Good morning, your honors. My name is Paul Smith and I have the privilege of representing Elizabeth Cornel. Mrs. Cornel would have wanted to be here in court in front of your honors. Unfortunately that was not possible but she is attending via remote. I'd like to point out to the court that the the state and the lower courts inescapable logic leads to a absurd conclusion which is no as long as a parolee is parole is suspended the parolee can be arrested at any time in the future 10 years 15 years 20 years it doesn't matter because as long as the state drops the revocation proceedings against the parolee then there's no harm and I believe that can't be the case that can't be correct. I think we're arguing on two different tracks the first is you know can it be executed seven years late and that seems to you have a decent argument that that's precluded under state law and it seems like that's what happened here but now you've asserted a section 1983 claim and that seems like there's a different question about whether that violates the Constitution so can you help us understand why that violates Constitution may well violate state law. Thank you your honor and we believe there were genuine issues to the material fact that it violated state law and also that it violated the Constitution. The Constitution imposes a reasonableness requirement in the use of force and arrest situations and to execute a warrant seven years late on a seven years later on a parolee we believe was unreasonable under the Constitution. What's your case law for I mean for first of all is this clearly established because right right now we have an assertion of qualified immunity it's unclear exactly how this is coming up to us because the district court seemed to rule on the merits of the constitutional question and said this just wasn't a constitutional violation but assuming it was a constitutional violation what's your case law for why that was clearly established that a search warrant could not be issued seven years after the fact. Thank you your honor. We would rely on the McCowan versus Nelson opinion which we've cited in our brief which stands for the proposition that failure to exercise reasonable diligence in results in a waiver of the violation and of jurisdiction. I'd also point out understand that one what's your what's your argument for why there was no reasonable diligence here because the your client gave an address and a contact number and is there any dispute that they that they tried to find her using that information and were unable to do so. Yes there is your honor. We disputed below that there was any personal knowledge of any effort by the HPA paroling authority to contact or locate Ms. Cornell. The sole evidence that's presented to this court and to the district court below by the HPA that they made ever any effort to contact Elizabeth Cornell was at SER 11 submitted by the state and it's a declaration of a Tommy Johns who was an administrator. He has no personal knowledge for any of the three paragraphs in his declaration at eight nine and ten where he says the HPA tried to contact Ms. Cornell at the phone number provided HPA tried to reach her by mail at a PO box provided the mail was returned undeliverable and the HPA conducted a field visit as provided but she was no longer living there. These facts were correct. First of all he doesn't have personal knowledge of this he just says the HPA did it but there where is the phone number that they called where is the return letter supposedly came back to the HPA none of those things have been provided where is the name of the individual who went to see Ms. Cornell supposedly and she wasn't living there. There are genuine issues of material fact which Ms. Cornell raises that none of these things occurred however we objected below to the declaration of Tommy John that he they did not have he any of those steps were actually taken and and had for example a letter been sent and returned that should have been kept by the paroling authority as part of Ms. Cornell's file and then attached to the court to show that they did something but they did nothing. Counsel. Sorry your honor. Yes. Let's turn to the actual execution of the warrant. When it was executed wasn't your client offered an prompt hearing and didn't she waive it? That's that's correct your honor she was offered a prompt hearing and your honor I believe is correct regarding her waiver that she wanted a full hearing but I think. When she was accorded a hearing sometime later. That is correct your honor. Yes. She prevailed. That is correct your honor they dismissed all the charges and I believe they found that they were stale and they retroactively reinstated her prior. Does the reason matter? I think it does your honor because. Those reasons existed excuse me those reasons existed factually at the time she was picked up correct? That is correct your honor that her that staleness of the warrant was existed when she was picked up and I believe that was the grounds why the HPA dismissed her the parole as to her because it had been so long and she had not committed any crime and she had lived openly and obviously in the state of Hawaii and then her parole was was retroactively discharged. That's correct your honor. But it seems futile to arrest someone years and years after an infraction only to then discharge the the entirety of the parole where had there been some diligence exercised by the HPA the entire arrest could have been averted and I believe that under the Constitution the reasonableness requirement was not met here given the Cowan case which says that extra parole warrants need to be exercised with reasonable diligence as the court knows in Cowan the state of California was unable to exercise the parole retake warrant as the parolee was incarcerated in Arizona on another offense they actually did take reasonable steps to try to locate the parolee but they couldn't extradite the parolee to Council I'm struggling with your argument a little bit because given the nature of the parole violation at issue here which is failing to stay in contact with the parole authority I mean you're focusing a lot on what the officers or what law enforcement should have done to be reasonably diligent and it strikes me that this whole problem would have gone away if your client had been reasonably diligent in her obligations and just gone to the parole authority and said I now have new location instead of relying on a letter so like shouldn't we factor that into this in terms of I mean I'm aware of the case that you cite about the standard is reasonable diligence we as a court have never defined what that means and doesn't your client have some role to play here when the nature of this violation was entirely within her control and your honor makes a very fair argument I would submit that there were genuine issues of material fact on this precise point and and your honor raises a valid point that perhaps miss Cornell could have taken further steps I would submit your honor that she moved right isn't it clear that she moved that the address that she gave seven years prior was not the only address she'd been at how do you know how many other addresses she'd been at in the meantime to your honor okay and we're either address where either of those ever given to the parole department that there's no there's no indication in the record that those were actually supplied to the parole board there is there is a explanation that is in the record which was that miss Cornell was informed by her parole officer that the parole officer was requesting her discharge from parole and so miss Cornell rightly or wrongly relied on that information and understood having not heard anything from the HPA for years that she had been discharged from her parole and so perhaps she could have done more I could have see that that point of view but I would submit to your honors that she did enough and hold on letter which you keep couching it is she could have done more but there's really no dispute that she didn't give updated information when she moved I mean you believe that there was a dispute but where is the factual dispute she didn't give it your honor she did she gave she gave alternate information of her her address at that at that time when she was made homeless and she gave a phone number where she could be reached and a mailing address where her mail could be delivered and we would submit that there are genuine issues of material fact whether the state checked on any of those three sources of lack of personal knowledge declaration of a mr. Tommy John's who has no personal knowledge that any of those steps were taken and so we would submit under the Cowan case and also the United States versus Sanchez which also reiterates that a and it's cited by the stateful state of Hawaii in their brief but Sanchez reiterates that when a parole arrest warrant is delayed that there can be a waiver that can affect a waiver particularly here where we're dealing with just a minor infraction I would posit to the court that the government's interest in retaking miss Cornell who had been on parole for four was minimal particularly as she hadn't committed any crime she had just become homeless and so one other factor I think to take into account regarding miss Cornell's not contacting the state is that for three years she was arrested three years after her maximum sentence had expired so she really had no reason to think that she was still under the parole jurisdiction she needed to parole board because of the length and period of time that had elapsed and unlike McCowan she wasn't trying to avoid service of a retake warrant or trying to hide from parole she just thought she had been discharged from parole we're in appellate court right and you're making a constitutional argument focused on delay and saying that at some point due process as a how would you have us write that rules six months is it a year is it three years how do we how do we do this when your argument is solely delay yes your honor I think there's a point in time one of the prior Supreme Court justices said I know it when I see it I mean it's seven years is too long we had we've been dealing with four years in McCowan and the court said in McCowan the court said four years could be too long except the state of California had undertaken efforts to try to locate the individual and so the court the Ninth Circuit there had said that that was not an inordinate delay because of the circumstances and so what we would submit to the court is that the circumstances here were different she wasn't hiding she was living openly and notoriously and there appears to have been nothing done by the state particularly if the court was to discount the lack of personal knowledge declaration of mr. Johns because there is no evidence that they actually did the things he claims they did where he didn't have personal knowledge of it in terms of his declaration because he says at the beginning of his declaration that he reviewed he made the statements he made about what the parole authority had done based on a review of the records of the parole authority and that he has personal knowledge of the record-keeping system he personally reviewed them and he can recount to the court what they contain I mean that's standard practice in litigation so why is that invalid there is no evidence of a letter actually having been sent out or returned where is the letter there's no name of any person who actually went out to see if they could find this Cornell I would submit your honors that there's if those things were in fact correct that he claims were done and he's claiming these things seven years after the fact that there should be something in this Cornell's file that those steps were taken as opposed to just an administrator later writing up a declaration saying he did that these things were done we don't have evidence that's that's my response your honor I think there were genuine issues of material fact on these points and we did make those objections to his declaration at er 81 and 82 of the record okay we'll give you time for a rebuttal we'll give you a couple of minutes for rebuttal thank you your honor and now we'll hear from mr. along good morning your honors may it please the court my name is William along and I represent the defendant appellant in this case the which more accurately would be the state of Hawaii and sheriff Dexter Kauai in this case plaintiff was required by the terms and conditions of her parole to affirmatively keep the authorities apprised of her whereabouts and she failed to do so well she now initially she gave some information and I guess let's just jump into this mr. John's affidavit was it was mr. John's giving inaccurate information in his affidavit or declaration about the records that he reviewed in the in the files yes your honor his name is Tommy Johnson he was the HPA I'm sorry the Hawaii Paroling Authority but for convenience I'll start using HPA administrator and as the court has already mentioned he as the administrator had access and knowledge of how the records are kept and he reviewed those records to determine what had happened it is also inaccurate to say that that is the only evidence of those attempts on the supplemental record that but can I just follow up on that if this were to go to if this were to go to discovery and and council opposing council we're trying to get copies of letters do those letters exist or the return the return letter does that exist in the file do you have any information or knowledge about that your honor I have no information about whether to be honest I would be surprised but I don't have information about whether a returned mail envelope from 2011 is still in the possession of the file but there would at least be a notation that it was sent out and returned or is I mean what what is mr. Johnson's basis for his declaration is he just saying this would have been standard procedures and so we know that this was done or is there some notation in the file that this was done my understanding your honor is that this was from his review of the record so I mean although it's not explicitly stated I believe the unavoidable inference is that there was some record in the file that gave him this information I think just as an in addition to that as kind of corroboration of this is SER 31 in which that's the notice of hearing and rights for revocation hearing given to miss Cornell after her arrest and in the supporting let evidence indicates there is a letter on file which was her March 1st 2011 letter and it also indicates that the subject reported appeal box number and that that the probation officer attempted to mail a letter but it was received back as undeliverable on May 2nd 2011 a subsequent field visit was done on May 10th 2011 by that appeal to address whether or not miss Cornell could be located at the given information and she was not so while there are other corroborating documents in the record before the court I think it would have been sufficient even if that were the case that it was only mr. Johnson's declaration that he had reviewed the records and that they accurately indicated that those efforts had been undertaken and that those contact information was invalid does the state of Hawaii have a position on what constitutes a reasonable length of time for the validity of a warrant of this your honor I think as you could start with a yes or no I guess yes there is a position and that position is that there should be no and there is no definite time period by which in a warrant should or does automatically stale now admittedly how about 10 years again your honor it's all under that reasonableness assessment and so 10 years is not per se make that warrant invalid it still requires a determination of why such a long time could have possibly been reasonable how about 10 years after the expiration of the maximum sentence she understand that the court is taking it to an extreme but even at that point yes I could come up with circumstances where 10 years after the expiration of her parole would in some case still be reasonable for instance if it was undisputed that plaintiff had left the country or was actively avoiding service of any kind of warrant in another country in those cases yes even 10 years after the expiration of her maximum parole date could have been or could be interpreted as reasonable under the circumstances are we talking about under the Hawaii law are we talking about under the US Constitution specifically I was talking about the US Constitution your honor but as the court below noted the analysis is a similar one under the Hawaii law even though we should hold on do you think we should look to Hawaii law in interpreting the Constitution here as to reasonableness no your honor I do not okay well because I mean Hawaii is I read state versus Owens the 2007 decision Hawaii at least the Supreme Court in that particular case at a five-year delay was too much so it sounds like there's probably precedent here that this was unreasonable under state law the question is how much does that transfer over into the federal Constitution well I think your honor first of all to speak to Owens you know the language that Owens is evaluating is the language under Hawaii rules of Penal Procedure 9 that requires due diligence in the service of a warrant and although that language is not identical obvious obviously to a reasonableness language due diligence in in that case is another way of saying that they need to have exercised reasonable due diligence in order to serve that warrant and in Owens that case was five years but that was never indicated to be a bright letter line that five years or that some any amount of time is a bright letter line or a black-and-white line about what is due diligence and what is factual side do we know or does the record tell us whether Miss Cornell had a specific individual assigned as her parole officer I don't believe that is in the record I mean she would have always been assigned a parole officer but I don't think it is in actuality I don't think she had only one and in the established that she had only one thank you and what evidence is in the record that she she updated the parole board when she moved initially is there any evidence in the record about attempts that she made when she moved subsequent to that to update them yes your honor in her own declaration in the complaint it is the record is replete with the acknowledgement that she made no further efforts to contact the paroling authority now whether that was based on her belief that she had been discharged or not the underlying fact is not reasonably disputed she made no further attempts to contact the Hawaii paroling authority counsel are you are you aware of any case law that has said that a delay violates due process when there has been no evidence of prejudice to the defendant or the parolee no your honor I think as the court actually points out the I I think it's kind of two different questions there's the the Fourth Amendment question and there's the 14th due process but as far as I'm aware there is no case that says there's a due process violation when she is not prejudiced by the delay or when I'm sorry a defendant is not prejudiced by the delay I think to kind of keep going with that analogy is or not analogy but that analysis is appellant statement that it leads to an absurd result and I think that's inaccurate because what it's inaccurate because the requirement for prejudice is only a substantive is only the analysis under the 14th Amendment substantive due process I'm sorry procedural due process so a delay may still be a constitutional violation for which there is a remedy but that would be provided under the Fourth Amendment so to simply say that in every case where there is no prejudice from the delay namely that the that defendant prevailed in a subsequent parole hearing is is is not the only way by which a potential defendant can or should or the court should analyze whether or not there was damages or whether or not there was a constitutional violation it is only with respect to the procedural due process that there can be no violation where there was no prejudice as to the state claims can you speak to those a little bit is there's this qualified privilege does that in your opinion cover all of the state claims or do we need to parse that out a little more carefully your honor I think it covers all of the state claims with respect to Sheriff Kauai qualified privilege is it's entitled to and I even more so Sheriff Kauai in his individual capacity qualified immunity is or non-judicial government officials are that they acted with malice or for an improper purpose so that does resolve the state's claims I mean Sheriff Kauai's claims in his individual capacity under tort law now it is also resolved the well I guess I'm sorry I misspoke a little bit it doesn't resolve the intentional or because that requires a showing of you know this outrageous conduct and it doesn't resolve false imprisonment with respect to Sheriff Kauai but as indicated in the analysis under the Fourth Amendment that the underlying arrest was not violative of the law in the first place so there is no court violation for false arrest or imprisonment with respect to Sheriff Kauai in his individual capacity with respect to the state and the official capacity claims it's a slightly different argument dealing with sovereign immunity but I don't believe that was the court's question so unless the court wants me to go into it out I'll stop there no that's help I mean the bottom line is what yeah I think we are only looking to qualified privilege as it relates to the sheriff in the the claims against the sheriff in the individual capacity and that my question was I think you answered it whether qualified privilege applies to all of these claims and you're saying it does as to false imprisonment that's correct you're on okay you know I I guess we've talked largely about whether the constitutional via rights were violated I think one thing that we haven't addressed or that I'd point out to the court's attention is that the Hawaii Prolin Authority as well as the state since it is an agency of the state of Hawaii and Sheriff Kauai in his official capacity are not subject to suits under section 1983 now plaintiff has indicated that there's some kind of workaround to this based on ex parte young doctrine but ex parte young is in relation to Eleventh Amendment and sovereign immunity and the state did not raise below and the court below did not rule that there's any kind of Eleventh Amendment issue the relative issue or the relevant issue excuse me was that the state and official capacity defendants are not persons forsaken amenable to shoot under 1983 except in the limited case for prospective injunctive relief in that case the court the court below accurately cited the law that that's not relevant here because she is no longer on parole she's no longer subject to such an arrest to a parole retake warrant and she's no longer under the custody constructive or otherwise of the paroling authority so she has no ability to or standing to make such a claim for relief to the extent that appellant also references a similar doctrine under ex parte young that prospective injunctive relief would be permissible again it's not applicable because that's not the case here but in addition to that the same analysis would apply that this is she's not entitled to prospective injunctive relief I see my time is just about clicking to zero so unless the court has any further questions I have nothing further to say and thank you for your time Thank You counsel we'll give two minutes for rebuttal thank you your honor briefly regarding the lower court in finding there was no Fourth Amendment violation relied on a Hawaii revised statutes 353-66 and saying that because miss Cornell's of parole had been suspended there could be no Fourth Amendment violation so the lower court actually relied on state statute to find there was no Fourth Amendment violation that was incorrect that's on page er 36 my second point regarding delay alone without prejudice if there's any case that that's a improper the Sanchez decision at page 177 to Sanchez discuss this the United States versus Hamilton a Ninth Circuit opinion whereby the court found that revocation of probation after unreasonable delay under certain circumstances can be impermissible and we have those circumstances here we would submit at least genuine issues of material fact given the circumstances the unusual circumstances in this case miss Cornell's belief rightly or wrongly that she'd been discharged from parole also her notification to the parole agency regarding her becoming homeless don't think someone should be punished for becoming homeless question that I asked your colleague are you aware of any case that finds a due process violation based on delay where there has not been prejudice to the parolee in terms of the parole proceedings I believe the discussion in Sanchez to United States versus Hamilton does provide an answer to the court I do think there is sort of broad language in a couple of cases but are you aware of a case where the facts of the case presented are such that the parolee had no prejudice and yet a violation was I do not your honor I think there is prejudice here though given the disruption and in the in the most generic sense of the word prejudice there was prejudice here lastly on the state law claims I think your honors could correct the there's the fact that the United States Constitution says that reasonableness is the standard for arrest and searches and seizures the Hawaii appellate courts have said also that reasonableness is the standard for arrest and search and seizures under Hawaii state law but yet the lower court relied on the plane of having to show malice by clear and convincing of the state law gives a qualified privilege and I mean these cases come up from time to time and California law is is very different than Hawaii law in this respect so I think the state is allowed to give as much privilege as they want on a state law claim you don't think I don't believe so you're I think the United States Constitution creates a floor beneath which the United the court the state cannot go you're right as to the u.s. constitutional claims but not as the state law claims they can they can give they can give whatever privilege they want as the state law claims counsel correct the state appellate courts have never applied a conditional privilege to use of force and arrest situations they've applied reasonableness and we've cited authority for that counsel at the end of the day isn't it correct that your client had the keys to the jailhouse door first by keeping the probation office aware of where she was and changes in that and second by accepting a prompt hearing on the merits I I see your point your honor I think she should not have been put in the circumstances of having her parole suspended for seven years and a warrant being delayed for that period of time I appreciate your honors point I believe that under the circumstances there were factual issues to what your honor is is perhaps at the end of the day after a trial on the merits after full discovery your honors point you know could could come to fruition but I think that there were genuine issues of material fact below on these points and I would submit to your honors that the lower court should not have granted summary judgment based on the record before it thank you okay thank you thank you to both counsel for your arguments in this case in the case is now submitted we
judges: HAWKINS, NELSON, FORREST